POLEN, Judge,
concurring specially.
I agree with the majority’s conclusion that this domestic strife must be remanded to the trial court for further proceedings. This is mandated by the supreme court’s decree in Miller v. Schou, 616 So.2d 436 (Fla.1993), that a paying spouse’s stipulation, or as in Mr. Pariser’s ease, a trial court’s sanction for failing to make financial discovery — that the paying spouse be deemed able to pay any reasonable increase in child support — is not enough. In fairness, the trial judge did not have the benefit of Miller when she entered the order regarding modification now on appeal.
I write separately out of concern that the majority opinion may be interpreted as mandating an increase in child support on remand. To be sure, there is much in Judge Glickstein’s majority with which I agree. Unquestionably, the best interests of the children, as always, is the polestar by which the trial court must be guided. Further, I agree that the parties’ stipulation at the time of the original dissolution of marriage, that the child support guidelines did not apply, may no longer be controlling. Not only have the guidelines been amended upward by the legislature, but until Mr. Pariser makes the required financial disclosure, no court can assess whether or not the guidelines may apply. Finally, the supreme court in Miller v. Schou noted “all five district courts of appeal have recognized that a substantial change in the paying parent’s income is itself sufficient to constitute a change in circumstances warranting an increase in child support without a demonstration of increased need.” Id. at 437 (citations omitted).
This case, however, presents an additional element not present in Miller or the other cases on which it relies. Here there is ample record support for the trial court’s findings regarding Mrs. Pariser’s irresponsible, perhaps vindictive, wasting of substantial assets she received via the original property settlement agreement. Further, the record demonstrates that while the minor children have gone from living in a $1 million dollar house, to living in a $390,000 house, their needs (and wants?) are still being met by the parents. The trial court, on remand, must undertake the difficult “balancing act” of not punishing the children by precluding them from participating in the father’s good fortune[2], and not punishing the father for the punitive financial manipulations of the mother. I applaud Judge Glickstein’s suggestion that if the trial court, on remand, grants modification, it should consider some provisions whereby Mrs. Pariser would not have direct control over those particular purse-strings.
Lastly, I agree it was error not to award Mrs. Pariser some portion of her attorney’s fees, depending on what Mr. Pariser’s financial disclosure reveals. While the trial court can consider the equitable implications of the former wife having run through over $1 million in settlement assets, it must still take into account her ability to afford counsel at the time the modification petition is heard.

. Justice Grimes was careful to point out in Miller that the paying parent’s extreme good fortune did not dictate that "the child of a wealthy parent will own a Rolls Royce_" Id. at 438.